NONES, PLAINTIFF AND APPELLANT, *v.* MAYORAL, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Ponce in *Mandamus* Proceedings.

No. 1190.—Decided January 19, 1915.

PUBLIC WORKS—LOANS—MUNICIPAL COUNCIL.—The provision contained in section 26 of Act No. 4 of February 19, 1913, requiring that the Executive Council shall first approve a loan, in nowise affects the power of a municipal council to engage and pay for the professional services of an expert to report on the technical part of projected works out of the ordinary funds of the budget.

ID.—MUNICIPAL LAW—LOANS.—The provisions of Act No. 4 of February 19, 1913, do not abridge the powers conferred upon municipalities by the Act to establish a system of local government and for other purposes, of March 8, 1906, except in cases of indebtedness contracted by means of loans.

ID.—MUNICIPAL LAW—LOANS.—The municipal councils of the island are empowered to pass ordinances making provision for any of the matters specified in section 25 of the Municipal Law without the authorization of the Execu-

tive Council, provided that payment therefor is to be made out of the regular budget and with the general municipal funds and that no loan is to be contracted.

ID.—MUNICIPAL LAW—POWERS OF MUNICIPALITIES—PAYMENT OF PROFESSIONAL SERVICES.—Pursuant to section 84 of the Municipal Law, a municipality, in framing its budget, may appropriate therein a sufficient sum to pay for the services of an expert employed by the municipality in connection with the construction of works which the municipality is fully authorized to order, and the approval of the Executive Council is not necessary for this purpose.

The facts are stated in the opinion.

Mr. *Antonio F. Castro* for the appellant.

Mr. *Salvador Mestre, fiscal,* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by Adolfo Nones from a decision of the District Court of Ponce of August 4, 1914, denying his petition of July 18, 1914, for a peremptory writ of *mandamus* directed to the auditor of the municipality of Ponce in order to compel him to issue the necessary warrant for the payment to the petitioner of the sum of $250 appropriated in the budget then in force as a remuneration for certain services which he had rendered to said municipality.

Nones based his petition on the following allegations:

That at a session held on June 16, 1913, the municipal council of Ponce adopted an ordinance or resolution appointing the plaintiff to make a report on the technical part of plans and specifications made for the construction of certain sewers, water-works and street-pavings in that city, including estimates of the cost of the same; that according to the information and belief of the plaintiff the municipal council had passed an ordinance providing for the construction of said works and also for contracting a loan with the Insular Government for that purpose; that by the said ordinance of June 16, 1913, the sum of $500 was appropriated to pay for the services of the plaintiff and another engineer, Blas C. Silva, who was appointed in the same ordinance to perform similar services, it being provided that the said sum would be appropriated in a supplementary budget which was

to be made up at the close of operations under the regular budget of 1912–13.

That the plaintiff made the plans for the said work, which, according to his information and belief, were approved by the Commissioner of the Interior, and estimated the cost thereof, submitting the corresponding report to the municipality of Ponce.

That no appropriation having been made in the supplementary budget of 1912–13 for the payment of his fees, on December 21, 1913, he requested the municipal council to order a transfer from the items of the regular budget of 1913–14 for their payment, and on the said date the municipal council resolved that although it was legally bound to pay the fees in question, said payment could not be made out of the budget then in force, because the amounts included therein were limited to the payment of expenses specified therein, but agreed to include the sum of $250 in the budget for 1914–15 for the payment of the services rendered.

That in making up the budget for the fiscal year of 1914–15 the municipality of Ponce included an item of $250 for the payment of his fees in accordance with the resolution it adopted on December 31, 1913.

That the defendant, Ramón Mayoral, in his capacity of acting auditor of the municipality of Ponce, refused to issue the proper warrant for the payment to the plaintiff of the sum of $250 appropriated in his favor in the budget then in force, because he deemed the said payment to be unlawful.

The defendant admitted the facts alleged in the complaint, and, besides filing a demurrer on the ground that the said facts did not constitute a cause of action, pleaded that the claim was unlawful because it had not been authorized or approved by the Executive Council and that the appropriations of the regular budget cannot be assigned to the payment of an indebtedness of this kind connected with a loan.

The court held that although the municipality contracted the debt of $250 for which Adolfo Nones sues, by virtue of

an ordinance of June 16, 1913, the said ordinance contracting the debt not having been first approved by the Executive Council, as provided for in sections 6 and 26 in relation to section 3 of Act No. 4, approved February 19, 1913, the municipal auditor cannot lawfully pay the amount claimed although an appropriation has been made therefor in the budget in force and effect.

Section 2 of Act No. 4, approved February 19, 1913, authorizes all municipal corporations and school boards of Porto Rico to borrow money, to contract indebtedness and to issue bonds for the purposes and in the manner prescribed in the said act.

As regards municipal corporations, the said purposes are set out in section 3, and are the following: Taking up or making payments on its floating indebtedness and liabilities; refunding its existing bonded indebtedness; constructing or purchasing water-works, sewers, public buildings or bridges; grading and opening streets and roads, or for other necessary public improvements.

Section 6 provides that any municipal corporation or school board desiring to incur indebtedness, borrow money or issue bonds on its own credit, shall submit to the Executive Council of Porto Rico an ordinance duly passed by the said municipal council or school board and approved by the mayor or Commissioner of Education, as the case may be, which ordinance shall recite the circumstances rendering desirable the indebtedness or loan to be incurred, the amount of the same, the purpose or purposes to which it is to be devoted, and shall provide for the discharge or repayment of the same with such interest and on such terms as the municipal council or school board may determine.

Section 26 provides that no municipal corporation or school board shall have the power to borrow money, contract indebtedness or issue bonds for any of the purposes provided for by said act and that no such loan, contract, or bond issue shall be valid until the Executive Council shall

have first approved of the purpose or purposes of the loan or indebtedness to be contracted, the form of the bonds, if any are to be issued, the terms of payment, the rate of interest, and of all other details connected with the same, and of the action of the municipal corporation or school board proceeding under said act.

It will be seen that section 26 of Act No. 4 of February 19, 1913, to which we have just referred, requires that a municipal corporation shall first obtain the approval of the Executive Council in the manner prescribed by the said section before borrowing money, contracting indebtedness, or issuing bonds for the purposes provided for in the said act, and that in order to obtain such approval it shall submit to the Executive Council the ordinance referred to in section 6, which shall recite the circumstances provided for in the same section. The said ordinance must state the circumstances rendering the indebtedness or loan to be contracted desirable and the amount thereof, and we do not see how the amount of the loan, which must necessarily represent the total cost of the work to be carried out, can be determined by a municipal council without the aid of experts who, by reason of their technical knowledge, are the proper persons to enlighten the council on this point.

In the case at bar the professional services required of the civil engineer, Nones, in order to prepare the ordinance requesting authorization to contract the loan, could not be paid out of the loan itself, for the loan might or might not be authorized by the Executive Council, and it would be very unlikely that Nones or any other engineer would agree to render the services required contingent upon the eventual authorization of the loan and run the risk of receiving no remuneration for such services.

The provision requiring that the Executive Council shall approve the loan in nowise affects the powers of the Municipal Council of Ponce to engage and pay for the professional services of the engineer, Adolfo Nones, out of the ordinary

appropriations of the budget and not out of the loan. If the contrary were sustained, we should be forced to the absurd conclusion that if the loan were approved by the Executive Council and the municipal council should decide not to proceed with the proposed works of improvement, the municipality of Ponce would, be obliged to contract the loan in order to pay the engineer the paltry sum of $250, unless his services were to remain unremunerated.

But the fact is that the said services cannot be paid out of the loan, for section 25 of the Act of February 19, 1913, provides that that money must be used only for the purpose or purposes specified in the ordinance, and this presupposes the rendition of said services, as we have stated, and necessarily refers to purposes to be carried out and not to purposes already accomplished.

The provisions of Act No. 4 of February 19, 1913, cited by the court in the judgment appealed from, have been improperly applied to the present case. The said act does not abridge the powers conferred upon municipalities by the act to establish a system of local government and for other purposes, of March 8, 1906, except in cases of indebtedness contracted by means of loans, and this is clearly proved by the fact that in naming the laws and sections of laws to be repealed section 29 expressly mentions sections 89, 90, and 91 of the Act of March 8, 1906, which regulates the powers of municipalities to borrow money, and leaves the other sections of the Municipal Law in full force and effect, at least in so far as they relate to the interpretations of Act No. 4 of 1913.

The municipal councils of this island are empowered to pass ordinances making provision for any of the matters specified in section 25 of the Municipal Law, among which are included the improvements referred to in the ordinance of June 6, 1913, without the necessity of the authorization

of the Executive Council, provided that appropriations for the payment thereof be made in the regular budget out of the general municipal funds without contracting loans, in which latter case the approval of the Executive Council is necessary.

In establishing the rules for the framing of budgets, section 84 of the said Municipal Law provides that each municipality shall first make provision for meeting any deficit which may have resulted from the operations of prior years, or for expenditures for which it is legally bound in consequence of contracts already entered into, or for other causes. The municipality of Ponce followed this provision when it framed the budget for the fiscal year 1914–15, appropriating in it a sufficient sum to pay for the services of Nones, for which payment it was legally bound inasmuch as the services were rendered under appointment by the municipality and in connection with work which the municipality was fully authorized to order to be done.

To hold that the approval of the Executive Council is necessary in the present case would be tantamount to holding that whenever municipalities decide to carry out any work they must first obtain the approval of the Executive Council although the cost thereof be payable out of its own funds, which is in open conflict with the Municipal Law of March 8, 1906, in force, and with the very act on which the lower court bases the decision now appealed from, which act, we repeat, is applicable only to cases in which municipal corporations or school boards in Porto Rico seek to borrow money for the purposes specified in the said act.

For the foregoing reasons the decision of August 4, 1914, appealed from should be reversed, and the application granted for a writ of *mandamus* to the municipal auditor of Ponce, who is hereby ordered to issue a warrant immediately in favor of Adolfo Nones for the payment to him of the sum of $250 appropriated in his favor in the present

budget for the payment of services rendered to the munici-
pality of said city, without special taxation of costs.

> *Judgment reversed and the municipal auditor
> ordered to issue the proper warrant in fa-
> vor of the petitioner.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.